RAY A. SUNDET, Corporation Counsel, La Crosse County
You ask my opinion concerning whether or not records of county small claims court from the period 1955 through 1962 may be destroyed. *Page 347 
Our office has previously ruled that no public records may be destroyed without express legislative authority. 46 OAG 8 (1957) Section 59.715 (20), Stats., referring to obsolete county records, provides:
"Destruction of obsolete county records. Whenever necessary to gain needed vault and filing space, county or court officers and the custodian of the records of all courts of record in the state may, subject to ss. 59.716 and 59.717, destroy obsolete records in their custody as follows:
"* * *
"(20) Court records and exhibits in any civil, criminal action and proceeding, or probate proceedings of any nature under the jurisdiction of the courts of record in the state, provided the same shall first be photographed or microphotographed and preserved as provided in s. 889.30 in all cases except exhibits not of a documentary nature:
"(a) After 10 years from the entry of a final order or judgment therein, or
"(b) After 10 years from the date when the same shall have been commenced; provided that the same shall have been dormant for 10 years and that the destruction thereof shall be authorized by the order of the judge of the court whose records are to be destroyed, or
"(c) Upon a written order of the judge of the court, the records of which are to be destroyed, the records and exhibits of that court which the judge deems obsolete and useless, but not including inventories and final accounts of deceased persons, may be destroyed after 10 years as provided in pars. (a) and (b) without being first reproduced, photographed or microphotographed."
Since this section refers to any civil or criminal proceeding under the jurisdiction of the courts of record in this state, it necessarily applies to records in small claims actions.
In 56 OAG 199, 201 (1967), we advised that obsolete county record may be destroyed only "* * * if it is necessary to gain needed vault and filing space," a requirement of the first sentence *Page 348 
of sec. 59.715, Stats. Further, the records must be offered to the State Historical Society as required under sec. 59.716, Stats., and the requirements expressed in sec. 59.715 (20) (a), (b) and (c), Stats., concerning time, photocopying and court order must be complied with.
Under sec. 59.715 (20) (a), Stats., obsolete records and exhibits may be destroyed 10 years after entry of final order or judgment, and under subsec. (20) (b), they may be destroyed 10 years after commencement of an action if the case has been dormant for 10 years, and the judge whose records are unvalued provides his written approval. Unlike subsec. (20) (c), destruction of records under subsec. (20) (a) and (b) must be preceded by photocopying. Since a proper photograph or microphotograph is "deemed to be an original record for all purposes," by sec. 889.30, Stats., destruction of the actual original records would have no practical effect on the rights of any person who, for any reason, would ever need those records. It would appear, therefore, that the small claims records you inquire about could be destroyed, if they are photocopied and the other statutory requirements met, without regard to the various statutes of limitation you mention in your letter. It should be noted, however, that one of the statutory requirements for photocopying of county records under sec. 889.30, Stats., is approval by the county board.
A different situation exists under sec. 59.715 (20) (c), Stats., where court records may be destroyed without being photographed if the judge deems them "obsolete and useless." This appears to be a higher standard than that set forth in subsec. (20) (a) and (b) where the term "obsolete" alone applies. Since records destroyed under subsec. (20) (c) would be gone forever, their potential usefulness must be examined very carefully. Before a judge deems a case's record "obsolete and useless," he must consider the various statutes of limitation which may apply including secs. 270.75, 270.79, 893.16 (1), 270.95, and 272.04, Stats., which you mention in your letter. Further, in certain real estate cases, the record may have potential usefulness for very many years and control the disposition of subsequent actions commenced within the 30- or 60-year period of limitation provided for in sec. 893.15, Stats. Full compliance with sec. 59.715 (20) (c), Stats., would seem to require that the judge *Page 349 
review each record individually. If it has the potential of serving any useful purpose, however remote, the record may only be destroyed under the auspices of subsec. (20) (a) and (b), both of which require photocopying.
RWW:PH